COPE, J.
(specially concurring).
While I agree that the conviction should be affirmed, my reasoning differs from that in the majority opinion. .
Prior to trial, defendant-appellant Frankie E. Randle filed a motion in limine seeking to exclude evidence that he had been observed engaging in a hand-to-hand drug transaction on June 28, 2000. The surveillance officer, Officer Fernandez, observed the defendant engaged in the transaction and communicated to other officers that they should arrest the defendant, but the defendant escaped.
On July 4, Officer Fernandez observed the defendant in front of a duplex, counting money. Officer Fernandez rushed the defendant and arrested him. The defendant threw down a leather bag which turned out to contain heroin, cocaine, and marijuana. A backup officer retrieved the leather bag.
In the motion in limine, the defendant sought to exclude testimony that Officer Fernandez had observed him engage in' a drug transaction on June 28. The State argued that to give a coherent account of what the officers did on July 4, it was necessary for the jury to know why Officer Fernandez arrested the defendant and handcuffed him, even though the officer had not observed any illegal conduct on July 4. The State explained:
[LJet’s say that ... this evidence is taken out.' The whole purpose of this evidence is merely to state why the officers took the actions that they did. And what I mean by that is that’ the testimony will be that they went around the corner. That they approached this house and in a very fast manner jumped out of their car and grabbed the defendant in an instant.
[[Image here]]
If you take this factual information, what you have is, you have basically two Latin white police officers who zip up in their car, see an African American male in front of a house who is counting his money. They grabbed him and they, arrested him and throw him in handcuffs.
To put it in that kind of factual vacuum would be impossible for the State.
Without that information, would you understand why these officers would just drive up into someone’s driveway and throw someone in handcuffs?
In order for the State, to be able to prove, not just prove, but for the jury to understand the background of this, they would have to have this information.
TR. Jan. 29, 2001, at 13-14.
The trial court allowed the testimony. That ruling was correct.
Absent the testimony about the June 28 encounter, the officers’ actions would make no sense. Unexplained, the officers’ actions would suggest lawless police conduct (whereby the police arrested the defendant without any good reason) or an arrest motivated by racial prejudice. The testimony was admissible as inseparable crimes evidence. See Damren v. State, 696 So.2d 709, 711 (Fla.1997); Hall v. State, 403 So.2d 1321, 1324 (Fla.1981); Charles W. *420 Ehrhardt, Florida Evidence § 404.17 (2002).**
The majority opinion accurately reflects what transpired later in the trial. However, there was no argument during the hearing on the motion in limine that the evidence of the June 28 crime should be admitted to counter a defense claim that the arresting officers had framed the defendant.

 There may have been other more innocuous ways to explain that Officer Fernandez on July 4 had probable cause to arrest the defendant (because of the officer’s observations of the commission of the drug sale on June 28), but the defense did not suggest any such alternative. As events unfolded at trial, the defense sought to paint the officers as lawless individuals who intentionally framed the defendant for a crime he did not commit.